IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

29

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | United States Courts Southern District of Texas ENTERED |
| Plaintiff, | § § | JAN 4  2002 |
| and | § § | Michael N. Milby, Clerk |
| ADRIAN BELLMAN, | § § | |
| Plaintiff-Intervenor, | § § | CIVIL ACTION NO. G-01-226 |
| v. | § § § | |
| KROGER TEXAS, L.P. | § § | |
| Defendant | § § | |

## PARTIAL CONSENT DECREE

The court, finds that the following:

A. Adrian Bellman filed a charge of discrimination, alleging that The Kroger Co. predecessor to Kroger Texas, L.P. ("Kroger Texas") violated the Americans with Disabilities Act ("ADA"). Adrian Bellman has agreed to dismissal of his claims, and the court, by separate order, has dismissed Adrian Bellman's claims with prejudice.

B. The Equal Opportunity Commission ("EEOC"), after investigating the charge issued a cause finding, and commenced this action. The EEOC contends that The Kroger Co. constructively discharged Bellman and failed to accommodate him by failing to permit a job coach or parent to be present during an investigatory meeting to discuss misconduct at which Adrian Bellman resigned.

C. The Kroger Co. and Kroger Texas deny the allegations and contends that The Kroger Co. offered Bellman an opportunity to confer with his job coach and mother before accepting his resignation, and that it encouraged him to accept suspension pending investigation.

D. Prior to the initiations of this action, Kroger Texas assumed the liabilities of The Kroger Co., and the parties stipulate that Kroger Texas is the only proper defendant in this action.

E. The EEOC and Kroger Texas have a bona fide dispute concerning liability. Kroger Texas denies all liability and by consenting to this Consent Decree does not admit to any wrong-doing. Further, Kroger Texas contends that at all times it and The Kroger Co. have complied with their obligations under state and federal laws that prohibit discrimination against qualified persons with disabilities, including the Americans with Disabilities Act.

F. The EEOC and Kroger Texas consent to this order.

Accordingly, the court orders the following:

1. This consent decree is a full and complete settlement of any and all claims arising from Adrian Bellman's charge of discrimination, and applies only to Kroger Texas' stores in District No. 1.

2. Kroger Texas shall continue to comply with its obligations under the Americans with Disabilities Act. Kroger Texas shall not engage in any unlawful employment practices which discriminate against individuals protected by the ADA with

respect to compensation, terms, conditions or privileges of employment because of such individual's disability, and will not retaliate against any individual who has opposed any practice unlawful under the ADA, or who has made a charge, or participated in any investigation, proceeding or hearing under the ADA.

3. Kroger Texas shall provide all managers and co-managers assigned to work in its District No. 1 with at least 2 hours of training concerning its obligations under the Americans with Disabilities Act. At such training, Kroger Texas shall read a short statement prepared by the EEOC concerning its contention that employers should provide mentally retarded employees an opportunity to confer with a job coach or parent prior to terminating such an employee for disciplinary reasons. This provision in no way is an acknowledgment by this court or Kroger Texas that such an accommodation is reasonable, the court having not reached the merits of the case. Kroger Texas will prepare the training in consultation with an attorney of its choosing and will provide the training by December 31, 2002.

4. If any employee assigned to District No. 1 and known to Kroger Texas to be mentally retarded commits a terminable offense, Kroger Texas shall follow its procedures under the collective bargaining agreement and suspend the employee pending investigation. If such employee chooses to immediately resign in lieu of suspension, the resignation shall become effective three (3) days following notice of the resignation, to enable the employee to confer with a job coach or parent concerning the decision. The 3-day period is exclusive of weekends and federal holidays. Such a resignation is revokable only during the 3-day period, and if revoked, the provisions of the collective bargaining agreement shall govern

3

subsequent employment actions. This provision shall not apply to resignations that are not associated with possible terminable offenses.

5. In the event that a known mentally retarded employee in District No. 1 resigns under suspicions that he or she has committed a terminable offense, Kroger Texas shall provide the employee and the union steward a notice in plain English stating that the employee may revoke the resignation within 3 days, exclusive of weekends and federal holidays, and the name, telephone number, and telecopier number of the person who should receive notice of the revocation. Kroger Texas will also notify the employee that he should immediately present the notice to his parent or job coach.

6. Kroger Texas obligations under paragraphs 2 through 5 shall expire two (2) years from the date of this order. Until such expiration date, the court shall retain jurisdiction to enforce the provisions of this order.

Signed this 3rd of January 2002.

_____
SAMUEL B. KENT
United States District Judge

Agreed:

_____
James Sacher
Attorney for EEOC

_____
A. Martin Wickliff, Jr.
Attorney for The Kroger Texas, L.P.

4